PER CURIAM.
Plaintiff, Robert Peterson, appeals a final judgment for defendant, W. E. Lynn, in an action seeking recision of a deposit receipt agreement and return of a $5,000 deposit.
On May 9, 1976 Peterson as purchaser and Lynn as seller executed a deposit receipt agreement for the purchase of Lynn’s residence. The contract was signed by Lynn but not his wife. Subsequently, the Lynns agreed to extend the closing date from June 15 to July 15 at the request of Peterson and further agreed to take back a second purchase money mortgage for $28,-000 payable over 20 years at 8V2 interest. In the meantime, based on their contract of sale with Peterson, the Lynns moved out of their house into a new house. At the end of June, Lynn’s attorney forwarded to Peterson[1] the necessary closing documents, including the closing statement and amortization schedule for the $28,000 mortgage. Upon receipt of the documents, Peterson called Lynn’s attorney and discussed two errors in the closing statement and an erroneous printout in the amortization schedule. On July 6 the corrected documents were forwarded to Peterson by Lynn’s attorney who telephoned Peterson on July 7 to inform him that the papers were on the way. Peterson then informed Lynn’s attorney that the deal was off. On July 8 Lynn’s attorney sent Peterson a letter confirming Peterson’s conversation that the deal was off and he (Peterson) was forfeiting the $5,000 deposit. In February 1977 Peterson made a demand upon Lynn for return of his deposit.[2] Lynn refused. Thereupon, Peterson filed the instant action seeking recision of the deposit receipt agreement and return of his deposit. Peterson primarily alleged that the agreement was void because the subject property was a homestead and Lynn’s wife had not signed the agreement. Following a non-jury trial, the judge entered judgment for Lynn.
We find that the record substantiates the findings of the trial judge that Mrs. Lynn at all times intended to be bound by the deposit receipt agreement and both Mr. and Mrs. Lynn stood ready, willing and able to execute all necessary documents to consummate the sale of the subject property to Peterson. In addition, the Lynns in reliance upon the agreement and the assurances of Peterson moved from the subject property; nevertheless, Peterson refused to go through with the purchase. As our Supreme Court in Cox v. La Pota, 76 So.2d 662 (Fla.1955) so aptly stated:
“To permit the appellants to take advantage of such a defense under the facts disclosed by this record would permit them to plead their own wrong, which was known to them, as an excuse for non-compliance. The defense which they imposed was an affirmative defense and the record shows that they did not come into a court of equity with clean hands.” 76 So.2d at 664.
We hold that by reason of his own conduct, Peterson is now estopped to raise the issue that the deposit receipt agreement was void because Mrs. Lynn failed to sign it.
Affirmed.

. who was residing out of state

. On February 1, J977 Lynn sold the subject property.